ORIGINAL

RECEIVED
AUG 5 2008
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5083

ANTHONY MOORE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-319,
Judge Francis M. Allegra.

ON MOTION

Before BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

## ORDER

Anthony Moore moves to vacate the decision of the United States Court of Federal Claims in Moore v. United States, No. 08-CV-319, and to remand. The United States moves for a four-day extension of time to respond to Moore's motion, submits its opposition to Moore's motion, and moves to summarily affirm the Court of Federal Claims' dismissal of Moore's complaint for lack of jurisdiction. Moore opposes.

Moore filed a complaint in the Court of Federal Claims, alleging that the United States Postal Service and its employees tampered with his mail. He sought $11,000 in compensation. Explaining that the Court of Federal Claims lacked jurisdiction over tort

claims or claims against individual Federal government officials or private individuals, and further noting that Moore's claims were not based upon any money-mandating statutes, regulations, constitutional provisions, the court dismissed the complaint.

Moore appealed and moves to remand the matter for the Court of Federal Claims to "automatically apply the correct money[-]mandating statute or code" to support his claims.

We agree with the United States that summary affirmance is warranted. Summary affirmance of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims correctly determined that Moore did not assert a claim based upon a money-mandating statute, regulation, or constitutional provision and correctly determined that it does not have jurisdiction over tort claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for an extension of time is granted.

(2) The motion for summary affirmance is granted.

(3) The motion to vacate and remand is denied.

(4) All sides shall bear their own costs.

FOR THE COURT

AUG 0 5 2008
Date

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
AUG 0 5 2008
JAN HORBALY
CLERK

cc: Anthony Moore
Christopher J. Carney, Esq.

s19